IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | | |
|---|---|---|
| DERRICK BUTLER, | ) | |
| | ) | |
| Plaintiff | ) | 1:22-CV-00289-RAL |
| | ) | |
| vs. | ) | RICHARD A. LANZILLO |
| | ) | Chief United States Magistrate Judge |
| GEORGE LITTLE, SECRETARY OF DOC; | ) | |
| AND JAKE BEACH, MAILROOM | ) | MEMORANDUM OPINION ON |
| SUPERVISOR AT SCI FOREST, | ) | DEFENDANTS' MOTION TO DISMISS |
| | ) | AMENDED COMPLAINT |
| Defendants | ) | |
| | ) | IN RE: ECF NO. 32 |
| | ) | |

Plaintiff Derrick Butler ("Butler"), a state prisoner, has filed an Amended Complaint

pursuant to 42 U.S.C. § 1983 alleging violations of his due process rights under the Fourteenth

Amendment to the United States Constitution. *See* ECF No. 28. The Defendants, employees of

the Pennsylvania Department of Corrections ("DOC"), have filed a motion to dismiss the

Amended Complaint. *See* ECF No. 32. For the reasons discussed herein, the Defendants'

motion will **DENIED**.[1]

I.      Standard of Review

The Defendants move to dismiss Butler's Amended Complaint pursuant to Federal Rule

of Civil Procedure 12(b)(6). Rule 12(b)(6) tests the legal sufficiency of the complaint. *See Kost*

*v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a Rule 12(b)(6) motion to dismiss,

the court accepts as true the complaint's factual allegations and views them in a light most

favorable to the plaintiff. *See U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir.

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. §636(c)(1).

2002). *See also Phillips v. Cnty. Of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). In making its determination under Rule 12(b)(6), the court is not opining on whether the plaintiff is likely to prevail on the merits; rather, the plaintiff must only present factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Therefore, a complaint should only be dismissed pursuant to Rule 12(b)(6) if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 (rejecting the traditional Rule 12(b)(6) standard established in *Conley v. Gibson*, 355 U.S. 41, 78 (1957)).

While a complaint need not include detailed factual allegations to survive a motion to dismiss, it must provide more than labels and conclusions. *See Twombly*, 550 U.S. at 555. A "formulaic recitation of the elements of a cause of action will not do." Id. (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). Moreover, a court need not accept inferences drawn by a plaintiff if they are unsupported by the facts alleged in the complaint. *See California Pub. Employee Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004) (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions disguised as factual allegations. *See Twombly*, 550 U.S. at 555; *McTernan v. City of York, Pennsylvania*, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). Put another way, while the Court must view the factual allegations of the complaint as true, the Court is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007).

2

Finally, because Plaintiff is proceeding pro se, the complaint must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). If the court can reasonably read a *pro se* litigant's pleadings to state a valid claim upon which relief could be granted, it should do so despite the litigant's failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements. *See Boag v. MacDougall*, 454 U.S. 364 (1982); *United States ex rel. Montgomery v. Bierley*, 141 F.2d 552, 555 (3d Cir. 1969).

With these standards in mind, the Court now turns to Butler's Amended Complaint and the Defendants' motion.

II.    Background

A.    Factual Background

Butler's Amended Complaint is sparse in its factual allegations. On March 1, 2022, Butler sent a "request slip" to the mail room at SCI-Forest. ECF No. 28, ¶ 7. He asked for a list of all legal mail he received so far that year. *Id.* On March 3, 2022, he was provided with a list from the mail room. *Id.* Reviewing the list, Butler noticed that the prison had received mail addressed to him from the Pennsylvania Superior Court on February 18, 2022, but the prison had returned it to that court because it did not include the appropriate control number. *Id.*, ¶¶ 8-9. Butler was not notified that the mail had been rejected. *Id.*, ¶ 9.

B.    Procedural History

Butler initiated this action by filing a motion to proceed in forma pauperis. *See* ECF No. 1. The Court granted that motion and Butler's original complaint was docketed. *See* ECF Nos. 9, 11. Butler named George Little, the Secretary of the DOC, and John/Jane Doe as defendants. ECF No. 11, p. 2. The Defendants moved to dismiss (ECF No. 24), and Butler was

given leave to file an amended pleading (ECF No. 27). He did so, this time naming Defendant Jake Beach in place of the John/Jane Doe defendants. *See* ECF No. 28, ¶ 5. Butler's Amended Complaint brings one claim: that the Defendants violated his Fourteenth Amendment due process rights in rejecting his mail from the Superior Court without providing him appropriate notice. *Id.*, ¶ 10.

Again, Defendants Little and Beach moved to dismiss. *See* ECF No. 32. Butler filed a response in opposition (ECF No. 35).

III.    Discussion and Analysis

In *Vogt v. Wetzel*, 8 F.4th 182 (3d Cir. 2021), the Court of Appeals for the Third Circuit held that DOC policy rejecting, without notice, all incoming mail lacking a return address violated procedural due process rights of the inmate to whom the mail was addressed. *See also Miller v. Little*, 2023 WL 252953, at *2 (M.D. Pa. Mar. 15, 2023). The Third Circuit held that "prisoners retain a liberty interest in corresponding by mail, and this interest is constrained by censorship or rejection of inmates' mail." *Pelino v. Wetzel*, 2022 WL 1239050, at *2 (3d Cir. Apr. 27, 2022) (citing *Vogt*, 8 F.4th at 186)); *see also Procunier v. Martinez*, 416 U.S. 396 (1974), *overruled on other grounds by Thornburgh v. Abbott*, 490 U.S. 401 (1989). Thus, "prisons must notify inmates when their incoming mail is rejected." *Vogt*, 8 F.4th, at 184. Butler's claim is similar. He alleges that his right to procedural due process was violated when the prison rejected his mail from the Superior Court without notice. ECF No. 28, ¶¶ 8-9. This allegation is sufficient to state a procedural due process claim. *Vogt*, 8 F.4th at 186 ("[Vogt alleged his right to procedural due process was violated when the prison rejected his mail without notice. The bottom line is that his allegation was enough.").

Defendants argue that no due process claim is stated because Butler "was aware" that the mail from the Superior Court had been rejected and filed appropriate grievances. ECF No. 33, p. 7. They contend that because Butler "requested his Inmate Correspondence History," and received a response, he received notice that the Superior Court's mail had been rejected. *Id.* Put another way, because Butler initiated his own investigation and subsequently learned of the rejection, the Defendants contend he had notice of the rejected mail. *Id.* In essence, Defendants argue that Butler's efforts that disclosed their failure to give notice is the equivalent of the prison having proactively provided timely notice. This argument fundamentally misconstrues the concept of providing notice. In *Procunier*, the Supreme Court "almost certainly" envisioned the "proactive provision of notice by prison staff" when incoming prison mail is rejected. *Coe v. Zook*, 202 WL 520578, at \*3 (E.D. Va. Jan. 31, 2020) (citing *Procunier*, 416 U.S. at 417). Our Court of Appeals has also concluded that it is the prison's responsibility to provide notice; not the inmate's responsibility to investigate. *See Mojica Carrion v. Wetzel*, 2023 WL 4534597, at \*7 (M.D. Pa. July 13, 2023) ("The Third Circuit agreed and held that '*prisons* must notify inmates when their incoming mail is rejected.") (citing *Vogt*, 8 F.4th at 184) (emphasis added). And in *Vogt*, the prisoner did conduct his own investigation, contacting the United States Postal Service in search of another piece of mail, only to learn by happenstance of the rejected mail that was the subject of the lawsuit. 8 F.4th at 184. Nonetheless, the Court of Appeals concluded that Vogt was entitled to proactive notice from officials at the institution for the rejection of his mail. *Id.*, at 164. *Cf. Coe*, 2020 WL 520578 at \*3.

Defendants rely upon *Ingram v. Mendoza*, 2022 WL 3716502 (D.N.J. Aug. 29, 2022) in support of their argument that Butler's discovery of the refusal of his mail was notice sufficient to satisfy due process requirements. *See* ECF No. 33, p. 7. *Ingram*, however, is in apposite

because, in that case, the prison notified the plaintiff of each instance his mail was refused. *See*

*Ingram,* 2022 WL 3716502, at \*2. The same applies to Defendants' reliance on *Darby v. New*

*Jersey Dep't of Corr.*, 2022 WL 2347145 (D.N.J. June 29, 2022). *See* ECF No. 33, p. 9. In

*Darby*, the district court rejected the plaintiff's due process claim because the prison notified the

plaintiff that his mail had been confiscated as contraband. *Darby,* 2022 WL 2347145, at \*5.

Defendants emphasize that the notice in *Darby* was not provided by the prison until

approximately two weeks after the mail confiscation. *See* ECF No. 33, p. 9 (citing *Darby*, 2022

WL 2347145 at 5). They argue that this delay in providing notice is roughly the same duration

as the time it took Butler to independently discover that the prison had rejected his mail. *Id.*

Defendants essentially argue that Butler sustained no real injury due to Defendants' failure to

provide notice because he discovered the rejection of his mail within a reasonable time. Under

*Vogt*, however, the happenstance of an inmate's discovery of the prison's actions does not excuse

the due process violation attendant its failure to provide notice.

IV.     Conclusion

For the foregoing reasons, the Defendants' motion to dismiss will be DENIED.[2] An

appropriate order will be filed separately.

DATED this 6th day of February 2024.

BY THE COURT:

RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[2] Defendants also argue that Butler's "access-to-courts" claim should be dismissed. *See* ECF No. 33, pp. 3-6. Butler's original Complaint arguably included this claim. *See* ECF No. 11. The Amended Complaint, however, raises no such claim. Accordingly, assuming Butler previously raised an access-to-courts claim, he has since abandoned it.