IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE

| | |
|---|---|
| DERRICK BUTLER, | ) |
| | ) |
| Plaintiff | ) 1:22-CV-00289-RAL |
| | ) |
| vs. | ) RICHARD A. LANZILLO |
| | ) Chief United States Magistrate Judge |
| GEORGE LITTLE, et al., | ) |
| | ) MEMORANDUM OPINION ON |
| Defendants | ) DEFENDANTS' MOTION FOR PARTIAL |
| | ) SUMMARY JUDGMENT |
| | ) |
| | ) RE: ECF NO. 50 |

Defendants, George Little and Jake Beach, have filed a motion for partial summary judgment requesting that the Court enter judgment dismissing Plaintiff Derrick Butler's claims for compensatory and punitive damages, thereby limiting his potential recovery in this action to nominal damages. *See* ECF No. 50. For the reasons discussed herein, the Court will grant the motion as to all claims against Defendant Little and Butler's claim for compensatory damages against Defendant Beach but deny the motion as to his claim for punitive damages against Defendant Beach.[1]

I. Material Facts[2] and Relevant Procedural History

The material facts relevant to Butler's claims are not in dispute. On March 1, 2022, while Butler was an inmate at the State Correctional Institution at Forest ("SCI-Forest"), he sent a

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge in these proceedings pursuant to 28 U.S.C. § 636.

[2] The material facts are taken from the parties' concise statements of materials facts (ECF No. 52 (Defendants); ECF No. 55 (Butler)) and the exhibits to their respective appendices (ECF No. 53 (Defendants); ECF Nos. 56-1, 57-1 (Butler). Disputed facts are noted.

1

"request slip" to the prison mailroom asking for a list of all legal mail he had received so far that year. When he received the list two days later, he noticed that on February 18, 2022, the prison mailroom had received mail addressed to him from the Pennsylvania Superior Court and that the mailroom had returned the mail to that court because it did not include the appropriate control number. The prison did not notify Butler that the mail had been rejected and he learned of this action only pursuant to his request slip.

Butler commenced this action claiming that the rejection of his mail without notice and an opportunity to contest the rejection violated his Fourteenth Amendment procedural due process rights. His Complaint named George Little, who then served as the Secretary of the Pennsylvania Department of Corrections, and John/Jane Doe Defendants. Following a period of discovery, Butler filed an Amended Complaint that substituted Jake Beach for the John/Jane Doe Defendants. *See* ECF No. 28. The Amended Complaint identified Beach as a "mailroom supervisor" at SCI-Forest and alleged that he "is liable for the violation of Plaintiff's right, because after learning of the violation through the grievance Procedure he failed to remedy the wrong." *Id.*, ¶¶ 5, 15. During discovery, however, Beach admitted that he personal[ly] and/or supervised the decision to reject Plaintiff's legal mail without providing him with a rejection notice." ECF No. 56-1, p. 9 (Response to Request for Production #1). Regarding Little, the Amended Complaint alleged only that, as Secretary of the DOC, "[h]e was legally responsible for the overall operation of the Department and each institution under its jurisdiction, including SCI-Forest," and that "he is liable for the violation of Plaintiff's rights, because after learning of the violation through the grievance Procedure he failed to remedy the wrong." *Id.*, ¶ 5.

II. Standard of Review

Rule 56(a) of the Federal Rules of Civil Procedure requires the district court to enter summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Under this standard "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome under applicable substantive law. *Id.* at 248; *Gray v. York Newspapers, Inc.*, 957 F.2d 1070, 1078 (3d Cir. 1992). An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Brenner v. Loc. 514, United Bhd. of Carpenters and Joiners of Am.*, 927 F.2d 1283, 1287-88 (3d Cir. 1991).

When determining whether a genuine issue of material fact remains for trial, the court must view the record in a light most favorable to the nonmoving party. *Moore v. Tartler*, 986 F.2d 682, 685 (3d Cir. 1993). To avoid summary judgment, however, the nonmoving party may not rest on the unsubstantiated allegations of his or her pleadings. Instead, once the movant satisfies its burden of identifying evidence that demonstrates the absence of a genuine issue of material fact, the nonmoving party must go beyond its pleadings with affidavits, depositions, answers to interrogatories, or other record evidence to demonstrate specific material facts that give rise to a genuine issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). On a motion for summary judgment, "a pro se plaintiff is not relieved of his obligation under [Federal Rule of Civil Procedure] 56 to point to competent evidence in the record that is capable of refuting a defendant's motion ...." *Dawson v. Cook*, 238 F. Supp. 3d 712, 717 (E.D. Pa. 2017) (citation omitted).

III. Discussion

    A. The record demonstrates that Beach violated Butler's procedural due process rights when he rejected his mail and failed to notify him of this action.

The law applicable to Butler's procedural due process claim is well-established. More than fifty years ago, the United States Supreme Court held that "[t]he interest of prisoners and their correspondents in uncensored communication by letter, grounded as it is in the First Amendment, is plainly a 'liberty' interest within the meaning of the Fourteenth Amendment even though qualified of necessity by the circumstance of imprisonment." *Procunier v. Martinez*, 416 U.S. 396, 418 (1974), *overruled in part on other grounds by Thornburgh v. Abbott*, 490 U.S. 401 (1989). Prisons must therefore "provide 'minimum procedural safeguards' when they 'censor or withhold delivery of a particular letter.'" *Vogt v. Wetzel*, 8 F.4th 182, 186 (3d Cir. 2021) (quoting *Procunier*, 416 U.S. at 417). "Notice and a reasonable chance to challenge the original official's decision satisfy due process." *Id.* (citing *Porcunier* at 418–19).

The record demonstrates that Beach violated Butler's due process rights when he rejected his mail without giving him notice. Defendants do not appear to dispute this conclusion. Instead, they argue that the facts of record do not permit Butler to recover compensatory or punitive damages.

    B. The Prison Litigation Reform Act precludes Butler's recovery of compensatory damages in this case.

Defendants are correct that compensatory damages are unavailable to Butler in this case. The Prison Litigation Reform Act ("PLRA") expressly provides that "[n]o Federal civil action may be brought by a prisoner ... for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e). Thus, the

4

absence of an actual physical injury or sexual act precludes an inmate from recovering compensatory damages for mental or emotional distress. Butler concedes that he sustained no physical injury because of Beach's due process violation, and he has asserted no other basis for the recovery of compensatory damages. He is therefore limited to the recovery of nominal damages as vindication of his due process rights. *Sarvey v. Wetzel*, 2019 WL 235322, at *11 (W.D. Pa. Jan. 16, 2019).

C. Butler's claim for punitive damages may proceed against Beach but not against Little.

The availability of punitive damages has a different focus and requires a different analysis. Unlike compensatory or nominal damages, "[t]he purpose of punitive damages is to punish the defendant for his willful or malicious conduct and to deter others from similar behavior." *Memphis Community Sch. Dist. v. Stachura*, 477 U.S. 299, 306 n. 9 (1986). "Punitive damages may also be awarded based solely on a constitutional violation, *provided the proper showing is made*." *Allah v. Al-Hafeez*, 226 F.3d 247, 251 (3d Cir. 2000) (emphasis added) (citing *Alexander v. Riga*, 208 F.3d 419, 430 (3d Cir. 2000)). That showing requires evidence to support a finding that the defendant's action was "motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade,* 461 U.S. 30, 56 (1983). Our Court of Appeals has explained that the term "reckless indifference" refers to the defendant's knowledge that he "may be acting in violation of federal law." *Riga,* 208 F.3d at 431 (citing *Kolstad v. American Dental Ass'n,* 527 U.S. 526, 537 (1999)); *see also Miller v. Apartments & Homes,* 646 F.2d 101, 111 (3d Cir.1981) (instructing that punitive damages are appropriate where the defendant acts with reckless disregard to whether he is violating a federally protected right or where he consciously and deliberately disregards consequences of his actions)). Therefore, where the record supports a finding that a defendant knew that his actions may violate a federally

5

protected right, the issue of punitive damages should go to the jury. However, because the term "reckless" focuses on the defendant's state of mind, more than the violation alone must be shown. *Whittaker v. Fayette Cnty.*, 65 Fed. Appx. 387, 393 (3d Cir. 2003). For example, "the mere existence of a civil rights violation is not a guarantee of eligibility for punitive damages because a defendant might not be aware of the federal law he violated...." *Id.* (citing *Kolstad,* 527 U.S. at 536–537).

Here, the record is minimally sufficient to allow Butler's claim for punitive damages to proceed against Beach. The Court of Appeals issued its decision in *Vogt v. Wetzel* on August 9, 2021. That decision specified that due process required prison officials to give notice of a rejection of inmate mail and an opportunity to object to such action. Beach rejected Butler's mail on February 18, 2022, just over six months later. Although the record includes no direct evidence that Beach was aware of *Vogt*'s specific mandates, the intervening six months between that decision and Beach's action is some circumstantial evidence to support a finding that he was aware that his action violated Butler's rights. In addition, the due process rights of inmates in uncensored mail have been recognized since at least 1974, when the Supreme Court decided *Procunier*. Consistent with this established law, the DOC's mail policies adopted prior to Beach's action included numerous provisions requiring that inmates be provided notice when a prison official withheld their mail from delivery. The DOC's relevant "Inmate Mail and Incoming Publications" policy, DC-ADM 803, was adopted on August 10, 2020. It required that notice be given when (1) "delivery of incoming correspondence has been accepted and any item other than a publication contained therein is determined to be prohibited," (ECF No. 53-1, p. 14), (2) photographs received through the mail are confiscated (*Id.*, p. 16), (3) "any documentation concerning Uniform Commercial Code (UCC) filings, the redemptive process, 'Acceptance for Value' presentments,

or documents indicating copyright or attempted copyright of a name is received" and held (*Id.*, p. 18), (4) there is "nondelivery of any opened incoming privileged correspondence" (*Id.*, p. 21), and (5) an incoming publication has been rejected (*Id.*, p. 21). Although this version of DC-ADM 803 did not include a specific provision requiring notice when mail is rejected for lack of a control number, the principles underlying the notice requirement recognized in *Vogt* and implicit elsewhere in the DOC's mail policy apply with equal force to such action.

The Defendants argue that the record does not support that Beach rejected Butler's mail because of any evil motive or malicious intent. But they ignore that governing law permits a jury to award punitive damages where the evidence supports a finding that the defendant knowingly violated the plaintiff's constitutional right. As discussed above, the record is minimally sufficient to support such a finding against Beach. They also argue that Butler quickly discovered that his mail had been rejected and that he sustained no loss or injury because of Beach's action. These are factual matters Beach may argue to the jury as grounds for rejecting Butler's claim for punitive damages, but they are not a basis for rejecting that claim as a matter of law.

In contrast to Beach's involvement in rejecting Butler's mail, the record does not support a claim for punitive damages against Little. The Amended Complaint alleged only that, as Secretary of the DOC, "[h]e was legally responsible for the overall operation of the Department and each institution under its jurisdiction, including SCI-Forest," and that "he is liable for the violation of Plaintiff's rights, because after learning of the violation through the grievance Procedure he failed to remedy the wrong." ECF No. 28, ¶ 5. A supervisory official's participation in the grievance process alone "is not sufficient to show the actual knowledge necessary for a defendant to be found personally involved in the alleged unlawful conduct." *Mearin v. Swartz*, 951 F.Supp.2d 776, 781-82 (W.D. Pa. 2013). And, more specifically, "an officer's review of, or failure

7

to investigate, an inmate's grievances generally does not satisfy the requisite personal involvement." *Mincy v. Chmielsewski*, 508 Fed. Appx. 99, 104 (3d Cir. 2013). Rather, a supervisor-defendant may only be liable for unconstitutional acts undertaken by subordinates if the supervisor either: (1) with deliberate indifference to the consequences, established and maintained a policy, practice, or custom that directly caused the constitutional harm, or (2) participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct. *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004). Here, Butler has alleged only that Little failed to investigate and respond properly to his grievance after Beach withheld his mail. He has not alleged or produced any evidence to support that Little established or maintained a policy, custom, or practice of rejecting mail lacking a control number and failing to give notice of such action or that he participated or acquiesced in or directed Beach to reject his mail and fail to notify him. The record therefore does not support any claim against Little and certainly no claim for punitive damages.

IV. Conclusion

For the foregoing reasons, Defendants' motion for partial summary judgment will be granted in part and denied in part. The motion will be granted as to all claims against Little, judgment will be entered in favor of Little, and the Clerk of the Court will be directed to terminate Little as a Defendant in this action. The motion also will be granted as to Butler's claim for compensatory damages, thereby limiting his remedy for vindication of his due process rights to nominal damages. The motion will be denied, however, as to his claim for punitive damages against Beach.

DATED this 29th day of January, 2025.

                                        BY THE COURT:

                                        _____
                                        RICHARD A. LANZILLO
                                        CHIEF UNITED STATES MAGISTRATE JUDGE